**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION**

| | |
|---|---|
| FBO DAVID SWEET IRA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 3:13-cv-166-MEF |
| ) | (WO – Publish) |
| JESSIE B. TAYLOR, JR., ) | |
| BARBARA J. TAYLOR, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

This case arises out of a dispute between Plaintiff FBO David Sweet IRA ("Plaintiff") and Defendants Jessie B. Taylor, Jr. and Barbara Taylor ("Defendants") regarding a contract to purchase real estate. Plaintiff alleges breach of contract and seeks specific performance of the contract. Defendants moved to dismiss this action, arguing that Plaintiff qualified as a "foreign corporation" that was not registered to do business in the State of Alabama and, therefore, was precluded from pursuing this action under Alabama's "door-closing" statute. (Doc. #7.) Plaintiff has opposed this motion, arguing that it is not an entity that falls within the confines of Alabama's "door-closing" statute, and, even if it were, it falls under an exception to that statute's prohibitions. To best resolve the issues, the Court converted Defendants' Motion to Dismiss (Doc. #7) into a Motion for Summary Judgment (Doc. # 21) pursuant to Rule 56 of the Federal Rules of Civil Procedure. Having considered the arguments of counsel, the evidentiary submissions, and the record as a whole, the Court finds that Defendants' Motion is due to be DENIED.

## I. JURISDICTION AND VENUE

The Court has subject-matter jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332 (diversity). The parties do not contest personal jurisdiction or venue, and the Court finds adequate allegations supporting both.

## II. LEGAL STANDARD

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine [dispute] as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The party asking for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine dispute of material fact." *Id.* at 323. The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing the non-moving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id.* at 322–23.

Once the moving party has met its burden, the non-moving party must "go beyond the pleadings and by their own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate 'specific facts showing that there is a genuine [dispute] for trial." *Id.* at 324 (internal quotations omitted). To avoid summary judgment, the non-moving

party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  A plaintiff must present evidence demonstrating that it can establish the basic elements of its claim, *Celotex*, 477 U.S. at 322, because "conclusory allegations without specific supporting facts have no probative value" at the summary judgment stage. *Evers v. Gen. Motors Corp.*, 770 F.2d 984, 986 (11th Cir. 1985).

A court ruling on a motion for summary judgment must believe the evidence of the non-movant and must draw all justifiable inferences from the evidence in the non-moving party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).  After the non-moving party has responded to the motion for summary judgment, the court must grant summary judgment if there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c).

### III.  FACTUAL AND PROCEDURAL BACKGROUND

David Sweet ("Sweet") is the owner of an Individual Retirement Account ("IRA"). The IRA is set up and structured as a "Self-Directed" IRA, making Sweet the sole decision maker on all investments and actions on behalf of the account. (Doc. #18.)  Equity Trust Company ("ETC") is a holding company that holds Sweet's IRA assets.  ETC does not provide investment advice, money management services, or any other services related to financial investments. (Doc. #24-1.)  Instead, ETC serves as a passive custodian "acting solely as custodian to hold IRA assets . . . [with] no discretion" and no fiduciary duty. (Doc. #24-1.)

On September 21, 2012, Sweet entered into a sales contract with Defendants to purchase property located in Randolph County, Alabama. (Doc. #1-2.) Sweet intended to purchase the property for investment purposes through his IRA. The contract was negotiated and executed by Sweet and Defendants—no agents or employees of ETC were involved in the transaction. (Doc. #18.) The purchaser of the property in the contract is referred to as "Equity Trust Company Custodian, FBO David Sweet IRA." (Doc. #1-2.) Sweet contends that Defendants breached the sales contract when they failed and refused to perform their part of the contract by not conveying the previously described property as they agreed to do. (Doc. #1-2.) Sweet filed suit in the Circuit Court of Randolph County, Alabama naming FBO David Sweet IRA as the plaintiff. (Doc. #1-2.) Defendants removed the action to the United States District Court for the Middle District of Alabama pursuant to 28 U.S.C. §§§ 1332, 1441, and 1446.

## IV. DISCUSSION

At the outset, the Court was concerned with whether, under Alabama law, the current Plaintiff in this action is a proper party-plaintiff. While the Court can find no cases specifically addressing whether the beneficiary of a Self-Directed IRA, the IRA itself, or the IRA holding company is the proper party to bring suit, the laws in Alabama pertaining to trusts provide a starting point for the Court's analysis. An IRA is a trust created in the United States for the exclusive benefit of the individual or his beneficiaries. Alabama courts have recognized that when an "individual grantor places his property in an active trust, the grantor's legal title to that property passes to the trustee." *Ex Parte Callahan Assoc., Inc.,*

4

87 So. 3d 1161, 1166–67 (Ala. 2011). As such, the trustee has title to the trust property, usually has possession and a right to continue in possession, and has all the powers of management and control that are necessary to make the trust productive and safe. *Id.* Any wrongful interference with these interests gives the trustee a cause of action. *Id.* at 1166. Indeed, "the right to sue in the ordinary case vests in the trustee as a representative." *Id.* at 1165. Thus, under Alabama law, a beneficiary may not typically bring an action against a third-party, even when adversely affected. *See Tillery v. Tillery,* 46 So. 582, 583 (Ala. 1908) ("The administrator having the legal title to the personal assets of the estate, holding them in trust for purposes of administration, . . . the heir could not institute any proceeding for the enforcement of any claim which the estate held against others."); *see also Blackburn v. Fitzgerald,* 30 So. 568, 568 (Ala. 1901) ("[C]omplainants had no right to institute proceedings in equity to enforce their equitable trust.").

However, a Self-Directed IRA, like the one at issue here, is unique in that the owner or beneficiary of the IRA acts as a trustee for all intensive purposes. While the IRS and the SEC require that all IRA's be placed with a holding company that serves as a trustee or custodian of the account, it is the owner of the Self-Directed IRA who manages, directs, and controls the investments. In the present case, ETC's Traditional Individual Retirement Custodial Account Agreement (the "Agreement") explains that ETC owes no fiduciary duties to the account owner or beneficiary. (Doc. #23-2.) Additionally, ETC expressly refuses to provide any "legal or tax services or advice with respect to [the] IRA." (Doc. #23.) Instead, ETC describes itself as being merely a "Passive Custodian." (Doc. #24-1.) Moreover, sole

management and control of the IRA rests with Sweet. It is Sweet alone who is "responsible for the selection, due diligence, management, review and retention of all investments in [his] account," (Doc. #23), likening Sweet's position with that of a trustee rather than a beneficiary. Thus, under the limited facts and circumstances surrounding this unique situation, the Court finds that for the purposes of this case, ETC served as merely a holding company while Sweet acted as trustee of his Self-Directed IRA. Accordingly, Sweet's suit on behalf of David Sweet IRA is proper.

Even assuming that Sweet is a beneficiary, rather than a trustee, several exceptions to the rule barring lawsuits by beneficiaries have been recognized. *First Ala. Bank of Montgomery, N.A. v. Martin*, 425 So. 2d 415 (Ala. 1982). Of relevance here, "if the demand on the [trustees] would be futile, then the demand requirement is excused." *James v. James*, 768 So. 2d 356, 360 (Ala. 2000). Defendants, citing to a bankruptcy case out of Texas, argue that ETC is the proper party in interest because "the plaintiff must have sued the custodian, in its capacity as fiduciary representative." (Doc. #24.) However, it is precisely this point that demonstrates a demand would be futile here. ETC, by and through its agreement with Sweet, contracted away any fiduciary duties owed to Sweet. (Doc. #24-1.) Instead, ETC establishes itself as a holding company for Sweet's Self-Directed IRA. Because ETC owes no fiduciary duty to Sweet and expressly refuses under the agreement to provide legal services on behalf of the IRA, the only means by which Sweet could redress Defendants' breach of contract was to bring suit himself on behalf of his Self-Directed IRA. Therefore,

the demand requirement is excused, and Sweet's suit is proper.  Any other finding would substitute form over function and substantially prejudice Sweet by essentially barring him from any remedy under law.

Having determined that Plaintiff is a proper party, the Court must now consider whether Alabama's door closing statute prohibits Plaintiff from bringing an action within the State of Alabama for breach of contract.  In Alabama, "***a foreign corporation*** transacting business in this state without registering under Section 10A-1-7.01 . . . may not maintain a proceeding in this state without so registering and complying." Ala. Code § 10A–2–15.02 (1975) (emphasis added). And, "all contracts or agreements made or entered into in this state by ***foreign corporations*** . . . shall be held void." *Id.* (emphasis added).  A foreign corporation means "a business corporation incorporated under a law other than the law of this state." Ala. Code § 10A–2–1.40(9) (1975).

While Defendants correctly determined that ETC is a foreign corporation subject to Alabama's door closing statute, neither Sweet as the trustee, nor the IRA account, are foreign corporations.[1]  Defendants have failed to produce any evidence to the contrary.  Moreover, with Self-Directed IRA's, it is individuals—like Sweet—who do all of the contracting, while holding companies like ETC merely disperse the funds.   Thus, the focus is on whether the Plaintiff is a foreign corporation—not ETC.  Because Sweet, FBO David Sweet IRA, is not a foreign corporation transacting business in Alabama, the door closing statute does not

---

[1] An IRA does not file an articles of incorporation but instead serves merely as a vehicle through which individuals, like Sweet, make investments.  (Doc. #12.)

apply. Accordingly, Plaintiff's breach of contract action is permissible, and Defendants' Motion for Summary Judgment must be DENIED.

## V. CONCLUSION

For reasons set forth above, it is hereby ORDERED as follows:

1. Defendants Jessie B. Taylor, Jr. and Barbara J. Taylors' Motion for Summary Judgment (Doc. #7) is DENIED.

2. Plaintiff shall file an amended complaint no later than April 2, 2014, to reflect in the style "David Sweet, FBO David Sweet IRA" as the party-plaintiff. This is the only amendment that shall be permitted without further leave of the Court.

Done this the 19th day of March, 2014.

                                                  /s/ Mark E. Fuller
                                          UNITED STATES DISTRICT JUDGE